

FILED
2011 JAN 28  AM 10:45
CLERK US ...
SOUTHERN DISTRICT ... CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM-D. TOMAS; et al., <br><br> Plaintiffs, <br> vs. <br><br> AEGIS MORTGAGE COMPANY; et al., <br><br> Defendants. | CASE NO. 10-CV-2286 BEN (BLM) <br><br> **ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE** |

## INTRODUCTION

To date, Plaintiffs have filed two documents filled with nonsensical, erratically-formatted lines of text that fail to allege any facts, let alone a coherent legal claim. The Court dismissed the first document, the Complaint (Dkt. No. 1), in a prior order. (Dkt. No. 3.) That order also dismissed the action without prejudice. (*Id.*) Although the second document, also entitled a "Quo-Warranto-Complaint" (Dkt. No. 8), is as incomprehensible as the first, the Court is mindful of the binding directive that it must construe pleadings to do justice, freely grant a party leave to amend, and dismiss actions with prejudice only after other, less drastic alternatives have been explored.

Accordingly, the "Quo-Warranto-Complaint" filed on January 14, 2011, is hereby **CONSTRUED** as the Second Amended Complaint and **DISMISSED** with leave to amend. Plaintiffs shall have 30 days after the filing date of this Order to file an amended complaint that adheres to the conditions set forth below. Should Plaintiffs fail to file an amended complaint that complies with the terms of this Order, the Court may dismiss this action with prejudice and

1  without further notice to Plaintiffs.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case was initiated on November 5, 2010, when Plaintiffs "Abraham-D. Tomas," "Norma-G. Tomas," and "David-Wynn Miller" (collectively, "Plaintiffs") filed a "Quo-Warranto-Complaint" ("Complaint"). (Dkt. No. 1.) Plaintiffs' Complaint was highly irregular, comprising:

> (a) a cover page listing sections of the United States Code after the bare label, "claimants-claims";
>
> (b) 12 typewritten pages crowded with run-on, sporadically formatted sentences in which legal terms are juxtaposed with grammatical labels, among other unexplained phrases; and
>
> (c) a 14-page, typewritten attachment annotated with handwritten numbers.

(*Id.*) On November 18, 2010, the Court dismissed the Complaint – and the action – without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3), because Plaintiffs' Complaint failed to state a basis for federal subject-matter jurisdiction. (Dkt. No. 3.) Plaintiffs then filed two more documents, each entitled, "Writ of the De Novo." (Dkt. Nos. 5 & 6.) Both resembled the Complaint in their incoherence. (*Id.*) Both were rejected because the case was closed. (*Id.*)

On January 14, 2011, Plaintiffs filed the document (Dkt. No. 7) which is the subject of this Order. Also entitled a "Quo Warranto Complaint," Plaintiffs' January 14, 2011, document is shorter than the original Complaint, but no more fathomable. One representative paragraph from the document reads:

> ~3 FOR THE <u>CRIMINAL-OPERATION-PARTICIPATION</u> AS A CO-CONSPIRATOR WITH THESE <u>SYNTAX-VIOLATIONS AND FRAUD AND: MISLEADING-STATEMENTS</u> IS WITH THE <u>DAMAGE-CLAIM</u> OF THE <u>JURISDICTION-LOSS</u> WITH THE JUDGESHIP OF THIS <u>**CORPORATION-CASE-NUMBER--~10-cv2286 BEN (BLM)**</u> BY THE CONTRACT ....

(Dkt No. 8 [emphases in original].)

Neither the January 14, 2011, document (the "Amended Complaint") nor the original Complaint before it have been served. No defendant has appeared in this case.

## DISCUSSION

The two documents that Plaintiffs have filed, to date, are devoid of coherent factual

allegations and cognizable legal theory. Nonsensical word choices render both Plaintiffs' Amended Complaint (Dkt. No. 8) and the Original Complaint (Dkt. No. 1) incomprehensible.

Nevertheless, the Court is bound by court rules and Circuit law requiring it to construe pleadings so as to do justice, Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"), and freely to grant leave to amend. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Moreover, the Court is obligated to explore less drastic alternatives before dismissing an action with prejudice. *See Nevijel v. North Coast Life. Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) ("In reviewing the propriety of dismissal under rule 41(b) we should look to see whether the district court might have first adopted other less drastic alternatives. These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel.") (internal citation omitted).

I.  **The Proper Standard for Federal Pleadings**

As a general matter, courts broadly construe pleadings filed by *pro se* litigants and give such plaintiffs "the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *See King v. Atiyeh*, 790 F.2d 1362, 1364 (9th Cir. 1986) (*pro se* litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although *pro se*, [plaintiff] is expected to abide by the rules of the court in which he litigates").

In particular, all plaintiffs must comply with Federal Rule of Civil Procedure 8(a), which sets forth the mandatory requirements for federal-court pleadings:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

## II. Repeatedly Filing Unintelligble Pleadings Subjects Plaintiffs to Dismissal

A complaint which fails to follow Rule (8) may be dismissed by the Court on its own motion, pursuant to Federal Rule of Civil Procedure 41(b).[1] *See Nevijel,* 651 F.2d at 673 ("A complaint which fails to comply with rules 8(a) ... may be dismissed with prejudice pursuant to rule 41(b)"); *Schmidt v. Herrmann,* 614 F.2d 1221, 1224 (9th Cir. 1980) (holding that Fed. R. Civ. P. 41(b) dismissals with prejudice may be appropriate when a district court is repeatedly presented with "confusing, distracting, ambiguous, and unintelligible pleadings"); *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996) (Fed. R. Civ. P. 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)"); *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969) (indicating that a dismissal for failure to comply with Fed. R. Civ. P. 8 may be *sua sponte*).

The reason for enforcing Rule 8 is straightforward: A clear statement of a plaintiff's claims gives the defendant a fair opportunity to respond and gives the Court the information it needs to manage the litigation:

> [C]onfusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what.

*McHenry,* 84 F.3d at 1179. Here, Plaintiff's Amended Complaint confounds the basic objective of providing notice regarding Plaintiffs' legal claims and any factual basis therefor.

---

[1] Rule 41(b) provides, in pertinent part:

> If the plaintiff fails ... to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits.

III.   Leave to File a Proper Complaint

The Court grants Plaintiffs *one final* opportunity to file a pleading that follows the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of California ("Local Rules"). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules are available from the Clerk's Office and online, at the Court's Internet website: www.casd.uscourts.gov (follow the hyperlink entitled "Opinions/Orders/Rules").

If Plaintiffs wish to file a second amended complaint, however, that amending pleading must adhere to Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim(s) showing that Plaintiffs are entitled to relief, and a demand for the relief that Plaintiffs seek. Fed. R. Civ. P. 8(a)(1)–(3). These pleading requirements shall be set forth in separate and discrete paragraphs. These paragraphs must be numbered, in consecutive order, and must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Moreover, each claim for relief must be set forth in separate numbered counts (*i.e.*, count one, count two, etc.).

Necessarily, Plaintiff's second amended complaint, if filed, must give each defendant "fair notice of what the ... claim[s] [are] and the grounds upon which [they] rest." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (internal citation omitted). This includes some factual basis for each claim and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also McHenry,* 84 F.3d at 1177 (the complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery").

The Court admonishes Plaintiffs that it will not tolerate further meritless filings or abuse of the judicial process. If, within 30 days of the filing date of this Order, Plaintiffs fail to file a second amended complaint that complies with the guidelines set forth, above, the Court may, on its own motion and without further notice to Plaintiffs, dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th

Cir. 1992); *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995).

## CONCLUSION

For the reasons discussed above, this Court:

1. **CONSTRUES** Plaintiffs' January 14, 2011, document (Dkt. No. 8) as Plaintiffs' Amended Complaint and **DISMISSES** it without prejudice; and

2. **GRANTS** Plaintiffs 30 days from the filing date of this Order to file a second amended complaint that complies with the Federal Rules of Civil Procedure, the Civil Local Rules of the Southern District of California, and the guidelines set forth in this Order.

**IT IS SO ORDERED.**

Dated: January 27, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE